IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGELA EKHATO : CIVIL ACTION
:
:
v. :
:
:
RITE AID CORPORATION, et al. : NO. 10-cv-2564-JF

MEMORANDUM

Fullam, Sr. J. August 25, 2010

      The plaintiff in this case is a former Rite Aid pharmacy development manager who supervised pharmacies located in Philadelphia, Pennsylvania. She has sued Rite Aid and her former supervisor asserting that she was discriminated against, and ultimately terminated from her job, because of her age, race, and national origin. The defendants have filed a motion to dismiss and to strike portions of the complaint; that motion will be denied.

      The defendants have moved to strike various portions of the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f), arguing that the provisions are irrelevant and scandalous. Motions to strike are not favored, and therefore the moving party must demonstrate prejudice before a motion is granted. Miller v. Group Voyagers, Inc., 912 F. Supp. 164, 168 (E.D. Pa. 1996). Because the defendants have not shown that they will suffer any actual prejudice, the motion to strike is denied.

The defendants have moved to dismiss the plaintiff's Age Discrimination in Employment Act (ADEA) claim (Count V) and the corresponding retaliation claim (Count VI) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The defendants also argue that the Court should dismiss the claims pursuant to the principles set forth in <u>Gross v. FBL Financial Services</u>, 129 S. Ct. 2343 (2009); specifically that the plaintiff cannot show that age was the "but for" cause of her termination because she has alleged that she was discriminated against on the basis of race and national origin as well as age.

The plaintiff asserts that she was over 40 years old during the relevant time period and was qualified for her job. She alleges that her supervisor treated her less favorably than a "significantly younger" coworker. That coworker was allegedly given resources that were denied to the plaintiff, and was not investigated for rumored violations of Rite Aid policies, while the plaintiff was. For purposes of a motion to dismiss, these allegations are sufficient. Further discovery in this case may not support these claims, however, at this point, the plaintiff has alleged enough facts to proceed.

The Supreme Court's decision in <u>Gross</u> does not warrant dismissal of the age discrimination claims. In <u>Gross</u>, the Supreme Court held that a mixed-motive jury instruction, directing the jury that if the plaintiff presented evidence that

2

age was a motivating factor in the employment decision then the burden of persuasion would shift to the employer to show that it would have made the same decision notwithstanding age, may not be given in an ADEA case. <u>Gross</u>, 129 S. Ct. at 2348.  The <u>Gross</u> decision, therefore, concerns the burden of persuasion at trial. <u>See</u> <u>Smith v. City of Allentown</u>, 589 F.3d 684, 691 (3d Cir. 2009). The defendants' reading of the case is far too narrow, particularly at the pleading stage.

Finally, the defendants assert that the plaintiff has brought claims and will attempt to recover damages on behalf of individuals who are not parties to the lawsuit.  The defendants argue that the allegation that they "systematically discriminated" against minority customers and employees must be dismissed for lack of standing.  In the plaintiff's response to the motion to dismiss, the plaintiff asserts that she has only brought claims on behalf of herself and concedes that she cannot recover damages on anyone else's behalf.  I am satisfied that the plaintiff is proceeding only on her own behalf, and therefore the defendants' motion to dismiss these allegations is denied.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,  Sr. J.